NOT FOR PUBLICATION

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. CR-16-01485-PHX-JJT |
| Plaintiff, | |
| v. | **ORDER** |
| Jose Luis Lopez, | |
| Defendant. | |

Defendant filed *in propria personam* a Motion to Reduce Sentence or for Early Release—First Step Act (COVID-19). (Doc. 29.) The Government filed its Response (Doc. 31) in opposition. The Federal Defender thereafter filed a Motion for Appointment of Counsel for Defendant (Doc. 32), which the Court granted in an Order (Doc. 33) allowing counsel to file an amended Motion. Counsel filed that Amended Motion (Doc. (Doc. 37) under seal, and the government filed a supplemental response. (Doc. 38.) The Court has read and considered the above filings and commends counsel's thoroughness and quality of advocacy.

Defendant is serving a 70-month sentence after sustaining a conviction for possession with intent to distribute 14.5 kilograms of methamphetamine. This is his second drug trafficking conviction in a span of less than three years. Defendant has served over 70 percent of his sentence and his expected release date is November of 2021; he already has been transferred from the Tucson United States Penitentiary Satellite Camp to a halfway house.

Defendant moves the Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as modified in the First Step Act of 2020, to reduce his sentence to time served.[1] He alleges that due to his age—57 years—and health condition—he suffers from type II diabetes and hypertension—he is at greater risk of serious and even fatal consequences should he contract the COVID-19 virus.

18 U.S.C. §3582(c)(1) allows an inmate to move the Court to reduce his sentence. The statute imposes several requirements before such motion may be granted, however. First, a defendant can only make such motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. §3582(c)(1)(A). Second, the Court can grant such relief if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). Third, the Court must also find Defendant is not a danger to the community. 18 U.S.C. §3582(c)(1)(A).

In the instant case, the first requirement—exhaustion—is uncontested. Defendant provides copies of his request for First Step Act relief to the warden of USP-Tucson and the Bureau of Prisons' Notice of denial of that request. (Doc. 37, Exhs. D, E.) Defendant is therefore entitled to a review of his request on its merits. Upon such review, however, the Motion fails.

First, the Court concludes Defendant does not present an "extraordinary and compelling reason" to justify a reduction in sentence. "Congress has delegated authority to the Sentencing Commission to 'describe what should be considered extraordinary and compelling reasons for sentence reduction.'" *United States v. Ebbers*, 432 F.Supp.3d 421,

---

[1] Alternatively, Defendant moves the Court to order that he serve the remainder of his sentence in home confinement. (Doc. 31 at 1.) The Court is without authority to do so. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) empowers the United States Bureau of Prisons (BOP) and United States Attorney General to order home confinement. It does not empower Courts to order home confinement, or any other relevant modification. .

427 (S.D.N.Y. 2020). This Court thus looks to the United States Sentencing Guidelines ("Guidelines") to determine whether the reduction sought "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Application Note 1 to Section 1B1.13 of the Guidelines provides that, all other requirements being met, "extraordinary and compelling reasons exist under any of the circumstances set forth below: . . . (A)(i) The defendant is suffering from a terminal illness; . . . (ii) The defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; . . . (B) The defendant is at least 65 years old; . . . (C) The death or incapacitation of the caregiver of the defendant's minor child or children; or (D) There exists in the defendant's case an extraordinary or compelling reason other than, or in combination with," the above circumstances. U.S.S.G. § 1B1.13 n.1 (2018).

In the present case, Defendant does not attempt to qualify under sections (A), (B) or (C) of Section 1B1.13, note 1, as presenting circumstances that are "extraordinary and compelling." Defendant does not allege he suffers from a terminal illness, or any other illness that has "diminished his ability to provide self-care" while incarcerated; he is not at least 65 years old; and he does not suggest he has experienced the death or incapacitation of a caregiver to any minor children. The only possible avenue for satisfying the statute's requirements is to show "other extraordinary and compelling reasons" under Note 1 subsection D. This Defendant cannot do.

Demonstration of a concrete, substantial risk of contracting COVID-19, combined with Defendant's pre-existing conditions of hypertension and diabetes, which may put him at greater risk of serious consequences should he contract the virus, might constitute extraordinary and compelling circumstances within the Note's—and thus the statute's—meaning. But Defendant has only presented speculation as to his likelihood of future infection. Indeed, as set forth in the government's Response, there were no reported cases of COVID-19 in USP-Tucson, where Defendant served his sentence, through the time of

the response, and as of the date of drafting this Order—February 6, 2021—the facility had only seven diagnosed active cases among 1353 total detainees. Defendant cites no facts to contradict the government's assertion. This paucity of cases, coupled with the lack of any information indicating that conditions at Defendant's halfway house assignment pose greater risk than that posed to the general residential public, is fatal to Defendant's argument. The fact that COVID-19 exists among the community, and the speculation or mere possibility it may reach a given facility or halfway house, cannot justify release pursuant to Section 3582(c)(1)(A)(i).

Finally, the evidence before the Court will not allow it to conclude that Defendant "is not a danger to the community," as required under Section 3582(c)(1)(A). As noted above and in Defendant's latest pre-sentence report, Defendant has sustained 2 felony drug trafficking convictions, including the current conviction coming directly on the heels of his release from prison for the last one. In light of Defendant's recidivism shortly after his last drug conviction, and the fact that both convictions came when Defendant was in his fifties with fully formed judgment, the Court cannot conclude Defendant is not a danger to the community.

For all the above reasons,

**IT IS ORDERED** denying Defendant's Amended Motion to Reduce Sentence or for Early Release—First Step Act (COVID-19) (Doc. 37.)

Dated this 8th day of February, 2021.

_____
Honorable John J. Tuchi
United States District Judge